IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRAVIS GOREY<br>67 NEWSWANGER ROAD<br>SCHUYLKILL HAVEN, PA 17972<br>V.<br><br>PRIMECARE MEDICAL, INC.<br>3940 LOCUST LANE<br>HARRISBURG, PA 17109<br><br>ALYSSA R. LIPCSEY, PA-C<br>3940 LOCUST LANE<br>HARRISBURG, PA 17109<br><br>JESSE T. KIRSCH, PA-C<br>3940 LOCUST LANE<br>HARRISBURG, PA 17109 | CIVIL ACTION - LAW<br><br>JURY TRIAL DEMANDED<br><br>No. _____ |

## COMPLAINT

AND NOW comes Plaintiff, Travis Gorey, by and through his attorneys, Comerford Law, LLC, who files this Complaint, averring as follows:

### JURISDICTION

1. This is a Civil Action seeking damages against the Defendants for acts constituting the deprivation of Plaintiff's rights under the 4th Amendment to the United States Constitution ("4th Amendment"), the 8th Amendment to the United States Constitution, the 14th Amendment to the United States Constitution ("14th Amendment"), and 42 U.S.C. § 1983.

2. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343, as well as the aforementioned statutory provisions.

3. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a) to adjudicate Pennsylvania Medical Negligence claims.

4. Venue is proper in the United States District Court for the Middle District of Pennsylvania under 28 U.S.C. § 1391 because a substantial portion of the factual basis for the claims stated herein occurred in the Middle District and because Plaintiff and some Defendants reside in and/or maintain their principal place of business in the Middle District of Pennsylvania.

5. While Plaintiff was subject to pretrial and/or posttrial detention in the Berks and/or Schuylkill County Prisons, Defendants, acting individually and/or in concert

and/or in their official capacities, willfully, callously, recklessly, with gross negligence, and/or with deliberate indifference, acted and/or failed to act, under the Color of State Law, in a manner which proximately caused the violation of Plaintiff's rights secured under the 8th Amendment, the 14th Amendment, and the ADA, through 42 U.S.C. § 1983.

6. More specifically, Plaintiff was deprived of his rights to be free from cruel and unusual punishment, to bodily integrity, and to medical treatment for his serious medical needs, all more fully described herein.

## PARTIES

7. Plaintiff incorporates all paragraphs of the instant Complaint, both prior to and following this averment, as if fully set forth herein.

8. Plaintiff, Travis Gorey, at all times relevant to this cause of action, was an inmate at Schuylkill County Prison, located in the Middle District of Pennsylvania, and/or Berks County Prison, located in the Eastern District of Pennsylvania. Currently, Plaintiff is residing in the Middle District of Pennsylvania.

9. Defendant "PrimeCare Medical, Inc.," herein after "Defendant PrimeCare," is a business corporation registered under the laws of the Commonwealth of Pennsylvania. At all times relevant herein, Defendant PrimeCare was under contract with Berks County and Schuylkill County to provide medical services to inmates at the Berks and Schuylkill County Prisons. PrimeCare directs, manages, and controls Berks and Schuylkill County Prison Medical Departments and their customs, policies, and practices; and employs medical staff at Berks and Schuylkill County Prisons, including all individually named medical defendants. At all times relevant to this complaint, Defendant PrimeCare was a government actor, acting under the Color of State Law, carrying out a traditional government function. PrimeCare is being sued in its individual capacity, its supervisory capacity as an employer, and in all other official capacities. The claim is asserted against this Defendant, in part, for the professional negligence of its agents and employees, as more fully stated herein. A Certificate of Merit regarding this Defendant is attached as Exhibit A.

10. Individual Defendant "Alyssa R. Lipcsey, PA-C" herein after "Defendant Lipscey," is physician's assistant, registered under the laws of the Commonwealth of Pennsylvania. At all times relevant herein, Defendant Lipcsey was acting under the command and authority of Defendant Berks and Defendant PrimeCare and was acting under Color of State Law and pursuant to the custom, policy, contract, and/or practice of Defendant PrimeCare. Defendant Lipcsey is being sued in her individual capacity, her capacity as a medical professional, as a government actor, acting under Color of State Law, and in all other official capacities. In regards to the medical negligence claims, a Certificate of Merit regarding this Defendant is attached as Exhibit B.

11. Individual Defendant "Jesse T. Kirsch, PA-C" herein after "Defendant Kirsch," is physician's assistant, registered under the laws of the Commonwealth of Pennsylvania.  At all times relevant herein, Defendant Kirsch was acting under the command and authority of Defendant Berks and Defendant PrimeCare and was acting under Color of State Law and pursuant to the custom, policy, contract, and/or practice of and Defendant PrimeCare.  Defendant Kirsch is being sued in his individual capacity, his capacity as a medical professional, as a government actor, acting under Color of State Law, and in all other official capacities.  In regards to the medical negligence claims, a Certificate of Merit regarding this Defendant is attached as Exhibit C.

12. Hereinafter, Defendants PrimeCare, Lipscey, and Kirsch shall be known as "Medical Policy Defendants."

## FACTS

13. Plaintiff incorporates all paragraphs of the instant Complaint, both prior to and following this averment, as if fully set forth herein.

14. Plaintiff has suffered from Crohn's Disease since he was fifteen years old.

15. Crohn's disease is an inflammatory bowel disease that causes chronic inflammation of the gastrointestinal tract.

16. In or about March 20, 2021, Plaintiff was arrested and was incarcerated in Schuylkill County Prison.

17. Upon his incarceration, Plaintiff advised Defendant Schuylkill that he suffered from Crohn's Disease.

18. On or about March 30, 2021, Plaintiff developed new onset abdominal pain, diarrhea, vomiting, and trouble eating food while in jail.

19. On or about March 30, 2021, Plaintiff submitted a sick call request, advising that he needed medical attention immediately, advising that he was unable to keep water down for four days and "feels like his appendix is going to burst…so painful".

20. While the sick call request was documented as received, and while his symptoms were suggestive of recurrent and progressive Crohn's disease and required immediate medical attention, Plaintiff was ignored.

21. Plaintiff was not sent for laboratory testing or radiographic examination, and he was not referred at that time to a gastroenterologist or surgeon.

22. Plaintiff continued to complain to Defendant Schuylkill and Defendant PrimeCare regarding his symptoms, which were continuously ignored.

23. On or around May 1, 2021, Plaintiff was transferred to Berks County Prison.

24. Upon his admittance, Anthony, a nurse at PrimeCare, did his initial assessment, where Plaintiff advised Anthony of his Crohn's and his stomach pain.

25. From May through August 2021, Plaintiff continuously complained of his stomach pain.

26. On or about August 20, 2021, Plaintiff saw Defendant Lipscey, reporting intermittent severe abdominal pain for the past six months, worsening over the past week.

27. Defendant Lipscey and Defendant Kirsch ignored Plaintiff's complaints and symptoms.

28. Plaintiff was still not sent for a proper medical evaluation.

29. Throughout the week of August 20, 2021, Plaintiff continued to complain to Defendants Lipscey and Kirsch of unbearable stomach pain.

30. Plaintiff suffered from a complete and total abandonment of care for a six-month period while under the care of PrimeCare and the individual Defendants despite his repeated cries for help.

31. This abandonment of care was at the hands of numerous unnamed agents and employees of PrimeCare.

32. Finally, on August 28, 2021, after months of abdominal pain, Plaintiff was transferred to Reading Hospital, where he was diagnosed by CT scan with a large bowel obstruction secondary to colonic stenosis as well as colonic perforation and omental abscess formation.

33. He underwent an emergent exploratory laparotomy that same day with Dr. Joseph Levan, M.D., during which an abdominal washout was performed, and a loop ileostomy was created. There was intraoperative evidence of chronic intestinal obstruction and pan-intestinal inflammatory bowel disease, the cause of which per documentation from Dr. Joseph Levan, M.D., was "untreated and neglected Crohn's Disease.

34. Recovery from his emergent surgical intervention has been complicated. He initially developed a pelvic abscess that required CT guided drainage in September 2021 with subsequent radiographic resolution in October 2021.

35. He also developed stomal prolapse and a parastomal hernia, requiring surgery on March 2, 2022, when he underwent loop ileostomy take-down, small bowel resection, parastomal hernia repair, ileostomy revision and mucus fistula formation.

36. In May 2022, stomal prolapse reoccurred leading to another emergency department visit.

37. In September 2022, it was discussed that he had severe colonic Crohn's disease, evidenced by both colonoscopy and a gastrograffin enema performed earlier that year and that loop ileostomy takedown was not possible in this setting and instead, his surgeon recommended colectomy with creation of an end ileostomy.

38. Plaintiff continues to have pain related to stomal prolapse which remains severe to this day, necessitating frequent office visits for chronic narcotic management and gabapentin.

39. Plaintiff's continued pain and physical issues due to his neglected Crohn's Disease was directly caused by Defendants' deliberate indifference to and violation of Plaintiff's Eighth and Fourteenth Amendment Rights.

40. Plaintiff's right to have his serious medical needs treated while in the care of the prisons – protected by both the procedural and substantive rights to due process – was violated as follows:

    a. The individual medical Defendants, all of whom were under the control and employment of Defendant PrimeCare, were deliberately indifferent to Plaintiff's serious medical needs as they continuously ignored highly concerning symptoms exhibited by Mr. Travis Gorey that indicated recurrent and progressive Crohn's disease.

41. As the proximate result of the acts committed by the Defendants under the Color of State Law in violation of the United States Constitution and violation of Pennsylvania State Law, the Plaintiff suffered damages, not limited to substantial pain, mental anguish, nightmares, disfigurement, physical and psychological injury, lifelong disfigurement, lifelong pain and suffering, lifelong medical costs and care, some permanent, loss of future life experience and enjoyment, economic loss, and deprivation of Plaintiffs civil rights.

42. On all claims for relief under 42 U.S.C. Section 1983, the Plaintiff demands judgment against the Defendants for compensatory damages in an amount in excess of the jurisdictions limited, punitive damages where applicable in an amount in excess of the jurisdictional limits, plus interest, costs, attorney's fees, and declaratory/injunctive relief, as well as any such other relief as this Honorable Court may deem just.

43. On all claims for relief under Pennsylvania Law, the Plaintiff demands judgment against the Defendants for compensatory damages in an amount in excess of the jurisdictions limited, punitive damages where applicable in an amount in excess of the jurisdictional limits, plus interest, costs, and declaratory/injunctive relief, as well as any such other relief as this Honorable Court may deem just.

## COUNT I

## 42 U.S.C. § 1983

## MONELL LIABILITY AS TO DEFENDANT PRIMECARE

44. Plaintiff incorporates all paragraphs of the instant Complaint, both prior to and following this averment, as if fully set forth herein.

45. Defendant PrimeCare developed, implemented, approved, and/or maintained a number of deficient customs, policies, and/or practices with deliberate indifference, which proximately caused the deprivation of Plaintiff's rights under the 8th and 14th Amendment to the United States Constitution and the ADA.

46. Defendant PrimeCare encouraged, tolerated, ratified, and has been deliberately indifferent to the following patterns, practices, and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

    a. Providing prompt and necessary medical care to inmates at the Berks and Schuylkill County Prisons, including but not limited to, making appropriate health referrals in emergency situations;

    b. Failure to employ medical personnel with appropriate expertise to provide necessary medical treatment to inmate population and/or a sufficient number of medical personnel.

    c. Failure to provide health treatment to prisoners in need and to properly staff and/or train personnel necessary for the number of inmates with health needs

47. As a result of Defendant PrimeCare's customs, policies, and practices, Plaintiff sustained physical injuries, pain and suffering, psychological harm, and emotional distress, some or all of which may be permanent in nature.

48. Defendant PrimeCare acted willfully, deliberately, wantonly, maliciously, and with reckless disregard or deliberate indifference to Plaintiff's constitutional and statutory rights and therefore, punitive damages are appropriate.

    WHERFORE, Plaintiff demands judgment against Defendant PrimeCare for compensatory and punitive damages in an amount of excess of the jurisdictional limits, interest, costs, attorney's fees, and any other relief requested herein.

## COUNT II

## 42 U.S.C. § 1983

## DELIBERATE INDIFFERENCE TO PLAINTIFF'S CONSTITUTIONAL RIGHTS AGAINST DEFENDANTS LIPCSEY AND KIRSCH

49. Plaintiff incorporates all paragraphs of the instant Complaint, both prior to and following this averment, as if fully set forth herein.

50. Defendant PrimeCare's actions and inactions exhibited deliberate indifference to Plaintiff's serious medical needs. Such deliberate indifference constituted cruel and unusual punishment under the 8th Amendment to the United States Constitution. Additionally, such deliberate indifference constituted deprivation of Plaintiff's due process rights secured pursuant to the 14th Amendment to the United States Constitution.

51. The above-captioned Defendants' actions and inactions were deprivations, under Color of State Law, of rights guaranteed to Plaintiff under the 8th, and 14th Amendments to the United States Constitution.

52. The tortious conduct alleged includes failure to make prompt medical referral; failure to listen to Plaintiff's medical concerns; and failure to timely send Plaintiff to a hospital for medical treatment.

53. As a result of the above-captioned Defendants' violation of Plaintiff's constitutional rights, Plaintiff suffered substantial injuries and damages including but not limited to physical injuries, physical pain and suffering, psychological injuries and/or aggravation of prior medical condition, mental pain and suffering, and humiliation.

WHERFORE, Plaintiff demands judgment against Defendants for compensatory and punitive damages in an amount of excess of the jurisdictional limits, interest, costs, attorney's fees, and any other relief requested herein.

## COUNT III

## MEDICAL NEGLIGENCE

## PLAINTIFF V. DEFENDANT PRIMECARE, DEFENDANT LIPSCEY, DEFENDANT KIRSCH

54. Plaintiff incorporates all paragraphs of the instant Complaint, both prior to and following this averment, as if fully set forth herein.

55. The above-mentioned personal injuries to Plaintiff were caused by the gross negligence, negligence, carelessness and recklessness of Medical Defendants

acting individually and/or through their agents, servants, and employees acting in the course and scope of their employment, authority or apparent authority.

56. The gross negligence, negligence, carelessness and recklessness of Medical Defendants and their agents, his servants and/or his employees consisted of, but were not limited to, the following:

    a) failure to refer Plaintiff for medical care;

    b) failure to possess and exercise the degree of knowledge, care and skill ordinarily possessed and exercised in similar cases by other general practitioners;

    c) failure to render reasonable medical care;

    d) failure to take appropriate history from Plaintiff;

    e) failure to properly diagnose Plaintiff's serious medical conditions;

    f) Failure to treat Plaintiff's Crohn's Disease.

    g) Completely abandoning care of Plaintiff requiring him to have an ileostomy procedure.

57. As a direct result of the gross negligence, negligence, recklessness and carelessness of the above Defendants, Plaintiff suffered physical and psychological injuries and pain and suffering associated with his physical and mental condition.

WHERFORE, Plaintiff demands judgment against Defendants for compensatory and punitive damages in an amount of excess of the jurisdictional limits, interest, costs, attorney's fees, and any other relief requested herein.

## COUNT V

## VICARIOUS LIABILITY FOR MEDICAL NEGLIGENCE

## PLAINTIFF V. DEFENDANT PRIMECARE, DEFENDANT LIPCSEY, DEFENDANT KIRSCH

58. Plaintiff incorporates all paragraphs of the instant Complaint, both prior to and following this averment, as if fully set forth herein.

59. PrimeCare is responsible for healthcare of all inmates at Schuylkill and Berks County Prisons.

60. PrimeCare has a duty to retain competent physicians, nurses, and medical staff.

8

61. PrimeCare has a duty to oversee administration of medical treatment at Schuylkill and Berks County Prison.

62. PrimeCare has a duty to promulgate adequate policy to meet the medical needs of inmates at Schuylkill and Berks County Prisons.

63. Defendants Lipcsey and Kirsch and other unknown individuals who ignored Plaintiff's medical condition and denied him care are principles, agents, employees, servants, or officers of Defendant PrimeCare.

64. At all relevant times, these individuals and those unknown at this time were acting within the course and scope of their employment as principles, agents, employees, servants, or officers of Defendant PrimeCare.

65. Defendant PrimeCare is vicariously liable for the actions/inactions and commissions/omissions of the Individual Medical Defendants as set forth in the aforementioned paragraphs as though Defendant PrimeCare performed the acts or omissions itself.

66. Defendant is liable for the actions of its agents.

67. As a direct result of the conduct set forth above, Plaintiff has suffered damages, both physical and psychological, more fully described in the preceding paragraphs.

WHERFORE, Plaintiff demands judgment against Defendant PrimeCare, jointly and separately for compensatory and punitive damages in an amount of excess of the jurisdictional limits plus reasonable cost as the Court may allow.

## JURY DEMAND

68. Plaintiff incorporates all paragraphs of the instant Complaint, both prior to and following this averment, as if fully set forth herein.

69. On all the counts, facts, and claims herein asserted, the Plaintiff hereby demands a trial by jury.

Respectfully Submitted,
*COMERFORD LAW*

BY:   */s/ Curt M. Parkins, Esquire*
      Curt M. Parkins, Esquire
BY:   */s/ Jennifer Kapp, Esquire*
      Jennifer Kapp, Esquire

Case 4:23-cv-01439-WIA   Document 1   Filed 08/29/23   Page 10 of 13

## EXHIBIT A

## CERTIFICATE OF MERIT AS TO DEFENDANT PRIMECARE

    I, Jennifer Kapp, Esq., Attorney for Plaintiff, certify that the claim that this defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm.

    8/28/23                                                                              */s/ Jennifer Kapp, Esquire*
Jennifer Kapp, Esquire

## EXHIBIT B

## CERTIFICATE OF MERIT AS TO DEFENDANT LIPCSEY

    I, Jennifer Kapp, Esq., Attorney for Plaintiff, certify that an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm.

    8/28/23                                                                                */s/ Jennifer Kapp, Esquire*
Jennifer Kapp, Esquire

## EXHIBIT C

## CERTIFICATE OF MERIT AS TO DEFENDANT KIRSCH

      I, Jennifer Kapp, Esq., Attorney for Plaintiff, certify that an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm.

      8/28/23                                              */s/ Jennifer Kapp, Esquire*
Jennifer Kapp, Esquire